UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JAMES SIMPSON,

        Plaintiff,        Case No. 1:10-cv-20

v.        Honorable Gordon J. Quist

PATRICIA CARUSO et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Richard James Simpson, a prisoner incarcerated at Muskegon Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they were frivolous or failed to state a claim. *See Simpson v. Caruso et al.*, No. 1:09-cv-245 (W.D. Mich. Apr. 14, 2009); *Simpson v. Brown et al.*, No. 2:89-cv-72373 (E.D. Mich. June 7, 1990); *Simpson v. Flint Journal et al.*, No. 2:89-cv-73057 (E.D. Mich. Nov. 15, 1989). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. In addition, Plaintiff previously was denied leave to proceed *in forma pauperis* in this Court on multiple occasions because he has three strikes. *See Simpson v. Pramstaller et al.*, No. 1:09-cv-1168 (W.D. Mich. Jan. 11, 2010); *Simpson v. Prison Health Servs. et al.*, No. 1:09-cv-1064 (W.D. Mich. Jan. 11, 2010); *Simpson v. Prison Health Servs., Inc. et al.*, No. 1:09-cv-1048 (W.D. Mich. Jan. 11, 2010); *Simpson v. Prison Health Servs., Inc. et al.*, No. 1:09-cv-824 (W.D. Mich. Sept. 28, 2009); *Simpson v. Correctional Medical Servs., Inc. et al*, No. 1:09-cv-926 (W.D. Mich. Sept. 10, 2009); *Simpson v. Correctional Medical Servs., Inc. et al.*, No. 1:09-cv-809 (W.D. Mich. Sept. 10, 2009).

Plaintiff makes several arguments why he should be allowed to proceed *in forma pauperis* under the imminent danger exception of 1915(g). First, he argues that Defendants have failed to adequately treat his back problem, which causes pain in his lower back and down his left leg. He contends that Defendants' failure to adequately treat the condition constitutes deliberate indifference to his serious medical needs. Plaintiff suggests that, because the alleged conduct clearly violates the Eighth Amendment, he should not be barred from recovering for his injuries by the three-strikes rule.

As the Court previously concluded, however, the statute clearly bars granting pauper status – even on a complaint raising meritorious claims – unless the complaint falls under the

exception for an inmate under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff fails to allege either serious physical injury or that the serious physical injury is imminent in this case.

Although Congress also did not define "serious physical injury," various courts have interpreted the meaning of the phrase. In *Ibrahim v. District of Columbia*, 464 F.3d 3, 7 (D.C. Cir. 2006), the D.C. Circuit concluded that a "chronic disease that could result in serious harm or even death" constitutes "serious physical injury.'" *Id.* Similarly, in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), the Eleventh Circuit found that HIV and Hepatitis C, both chronic and potentially fatal diseases, met the "serious physical injury" requirement. Moreover, in *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), the Seventh Circuit recognized that "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in . . . legs and back" resulting from a denial of medication were serious physical injury. *Id.* The Eighth Circuit also has addressed the question, concluding that a spreading infection in the mouth that resulted from a lack of proper dental treatment amounted to a serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

Plaintiff's alleged serious physical injury is chronic lower back pain. Despite Plaintiff's hyperbolic language, the condition, while painful at times, falls short of the sort of conditions that threaten serious harm or death found in *Ibrahim*, *Brown*, *Ciarpaglini*, and *McAlphin*. Plaintiff has been seen regularly by medical personnel from 2003 to the present and has been prescribed a variety of exercises and treatments, together with pain killers and muscle relaxers. (Compl., Att. 2, docket ##1-3 and 1-4.) He has been given functional assessments and x-rays. Plaintiff attaches a radiology report from October 2004, which found "[d]egenerative changes . . . in the cervical spine with spur formation and covertebral arthritis," but provided no "evidence of any

fracture or other acute osseous abnormalities." (Compl., Att. 2, docket #1-3 at 34.) Plaintiff's pain medication has been evaluated by the Pain Management Committee and he receives multiple medications for the problem. (Compl., Att. 2, docket #1-4 at 28.) While he may not be entirely satisfied with the efficacy of the treatment, his back pain has not gone untreated and is not sufficiently dangerous or impairing to constitute "serious physical injury" as other courts have defined it.

Further, Plaintiff fails to allege that any worsened back condition is "imminent." As with "serious physical injury," Congress did not define "imminent danger" in the PLRA. It did, however, choose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

In a recent decision, the Sixth Circuit recognized the standard adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.*

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

The attachments to Plaintiff's complaint indicate that his back pain, while chronic, has been managed and treated for several years and has flared and subsided on numerous occasions – none of which presented a significant risk of harm to Plaintiff. In light of the admitted testing already performed by the MDOC, Plaintiff does not demonstrate any real or proximate danger that the back condition is likely to become something more serious. As a consequence, Plaintiff fails to demonstrate that any serious danger is imminent. For both reasons, Plaintiff falls outside the scope of the imminent danger exception.

As a second reason why he should be allowed to proceed *in forma pauperis* under § 1915(g), Plaintiff argues that one of the cases counted by the Court as a strike, *Simpson v. Caruso et al.*, No. 1:09-cv-245 (W.D. Mich. Apr. 14, 2009), is not properly counted because his appeal from the decision remains pending. The Court rejects Plaintiff's argument. The plain language of the statute defines a strike as "an *action or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g) (emphasis added). The legislature plainly contemplated that the dismissal of an action was itself a strike. In addition, the statute does not provide an exception for a dismissal that has been appealed. Congress could have included such an exception, but it elected not to do so. Moreover, a judgment of dismissal by a district court is final and should be given full effect, unless stayed upon appeal. FED. R. CIV. P. 62; *see also National Labor Rel. Bd. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (pendency of an appeal does not disturb finality of a judgment). Plaintiff has not obtained a stay of the dismissal.

Further, to accept Plaintiff's interpretation would undermine the very purpose of the legislation, by permitting a prisoner to continue filing new cases during the entire period (perhaps years) in which his last strike remained on appeal, even if that appeal was utterly frivolous. Indeed,

Plaintiff provides the perfect example of why such an interpretation is at odds with both the language and the intent of the statute. Since dismissal of his third strike in April 2009, Plaintiff has been a litigation-generating machine. He has filed eleven additional cases in this Court during that nine-month period, and he has filed numerous cases in the Eastern District of Michigan, only some of which have been transferred to this Court. At this time, Plaintiff has six cases pending in this Court, in all of which he alleges that he is in imminent danger of serious physical injury in relation to five distinct medical conditions. *See Simpson v. Prison Health Servs., Inc. et al.*, No. 1:09-cv-1064 (W.D. Mich.) (lung condition); *Simpson v. Corr. Med. Servs, Inc. et al*, No. 1:09-cv-1066 (W.D. Mich.) (medications that allegedly caused diabetes); *Simpson v. Prison Health Services, Inc. et al.*, No. 1:09-cv-1167 (W.D. Mich.) (sinus and throat condition); *Simpson v. Pramstaller et al.*, 1:09-cv-1168 (W.D. Mich.) (skin condition); *Simpson v. Caruso et al.*, No. 1:10-cv-50 (W.D. Mich.) (back condition). Failure to apply the rule to Plaintiff would seriously undermine the efficacy of the three-strikes rule. In any event, on January 8, 2010, the Sixth Circuit issued an order affirming the dismissal of Plaintiff's third-strike. *See Simpson v. Caruso*, No. 09-1596, slip ord. (6th Cir. Jan. 8, 2010). While mandate has not yet issued, it is apparent that Plaintiff's third strike will be affirmed.

As his third basis for disputing denial of pauper status under the three-strikes rule, Plaintiff complains that his first two strikes should not be counted against him as he had been sent to a prison in Reno, Nevada and could not challenge the adverse ruling. Plaintiff's argument is frivolous. Even if his representations are true, the cases, which were decided in 1989 and 1990, are long since final and cannot be collaterally attacked here.

For all these reasons, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will

screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.


Dated:  February 13, 2010                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**